Battle, J.
 

 The plaintiff is not entitled to recover unless the bequest in the will of Cherry Beale to Lucy Ferguson and her daughter Lydia Ferguson, be construed to give them, or the survivor of them, a life-estate, only, in the money bequeathed, giving the remainder of the fund to the child of Lydia, under the limitation to her “lawfully .begotten heir.” In the events which have happened, it is not necessary, for the purposes of this case, to decide what interest vested in Lucy Ferguson and her daughter Lydia, as between themselves, and the only question which it is proper for us to consider is, whether the words, “ their lawfully begotten heirs,” mean children, or whether they are to be taken in their technical sense, and thereby give to the first takers the absolute
 
 *94
 
 property in the fnncl. "With regard to the will before us, we must say, as the Court said in
 
 Donnell
 
 v. Mateer, 5 Ire. Eq. Rep. 7, that “ there is nothing in the context here, to control the technical meaning of the terms ‘ lawfully begotten heirs,’ and, therefore, we are obliged to receive them in that sense, as meaning that class of persons, who, by law, take property by inheritance, or succession, from another. Thus understood, they are not -words of purchase, but of limitation, in dispositions of this kind; as well as in conveyances of land.” See
 
 Ham
 
 v. Ham, 1 Dev. and Bat. Eq. Rep. 598;
 
 Floyd
 
 v. Thompson, 4 Dev. and Bat. Rep. 478 ;
 
 Coon
 
 v.
 
 Rice,
 
 7 Ire. Rep. 217. This construction must prevail, whether we consider the money as given directly to Lucy Ferguson and her daughter, or to Barnes, in trust for them; because, if it were a trust, it was an executed, instead of an executory one, according to the well established distinction between those two kinds of trust. Limitations of the former are construed like those of the legal estate, while to the latter is given a more liberal interpretation', in order to carry out the general plan of the testator;
 
 Saunders
 
 v. Edwards, 2 Jones’ Eq. Rep. 134.
 

 The will before us was made and published in Yirginia, but the parties have admitted that it is to be construed according to the rules of the common law, and this admission makes it our duty, according to the case of
 
 Allen
 
 v. Pass, 4 Dev. and Bat. Rep. 77, to put the same construction upon it, as we should upon a similar bequest made in this State ; unless we are satisfied by judicial decisions made in Yirginia, or by the opinions of professional gentlemen learned in the law of that State, a different construction would there prevail. In the present case we are not so satisfied ; but, on the contrary, we are gratified to find that our opinion is fully sustained by that of the Hon John B. Minor, the distinguished Professor of the Law in the University of Yirginia, which was, by consent, read as evidence in this cause. The opinion, to the contrary, of John R. Chambless, Esq., is, as we think, erroneous ; and his error has, no doubt, been caused by his
 
 *95
 
 not adverting to the distinction, above referred to, between executed and executory trusts.
 

 Tlie judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam, Judgment reversed.